UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS ELLEY SANDERS,

        Plaintiff,

v.                                         Case No. 21-C-83

MILWAUKEE COUNTY JAIL,

        Defendant.

## SCREENING ORDER

Plaintiff Thomas Elley Sanders, who is currently housed at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the Court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $2.34. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff names the Milwaukee County Jail as the sole defendant in this case. Plaintiff may not proceed against the Jail in this case because it is a non-suable entity under § 1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Even if Plaintiff had properly named defendants in this action, he has failed to state a claim upon which relief can be granted. Plaintiff alleges that on April 4, 2020, Lieutenant Stevens and Lieutenant Spidell invaded his privacy by opening an outgoing piece of mail that he sent containing "sensitive personal documents." Dkt. No. 1 at 2. He claims that opening out-going mail is a federal offense.

Although an inmate has a general First Amendment right to send and receive mail, that right does not preclude officials form inspecting personal mail for contraband. *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *see also Gaines v. Lane*, 790 F.2d 1299, 1304 (7th Cir. 1986) (upholding examination of non-legal mail for contraband). An inmate's legal mail is entitled to greater protections because of the potential for interfering with the inmate's right of access to the courts. *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). But Plaintiff does not allege that the mail opened by Lieutenants Stevens and Spidell was legal mail or that opening it interfered with his access to the courts. In other words, Plaintiff fails to state a claim upon which relief can be granted.

3

Although the Court suspects that allowing Plaintiff to file an amended complaint would be futile, out of an abundance of caution, Plaintiff will be given an opportunity to amend his complaint to attempt to state a claim upon which relief can be granted. If Plaintiff wishes to proceed with this lawsuit, he must (1) file an amended complaint that identifies the individual or individuals responsible for the complained of conduct, (2) list the individual(s) in the caption of the amended complaint, and (3) explain what each individual did to allegedly violate Plaintiff's constitutional rights. In other words, Plaintiff must clearly set forth the who, what, when, and where of what he alleges occurs. If his claim is for interference with legal mail, he must state the identity of the addressee of his letter and the purpose for which it was sent. If Plaintiff does not know the names of the individuals responsible for the complained of conduct, Plaintiff may use John and Jane Doe placeholders in his amended complaint, with the understanding that he will need to conduct discovery to identify the names of the defendants. An amended complaint must be filed within thirty days of the date of this order. Failure to file an amended complaint within this time period may result in the dismissal of this action.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that within **thirty days** of the date of this order, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner complaint form and a copy of the guide entitled "Guide to Filing Prisoner Complaints Without a Lawyer in the United States District Court for the Eastern District of Wisconsin," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $347.66 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is located and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution,

and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>	Honorable William C. Griesbach
>	c/o Office of the Clerk
>	United States District Court
>	Eastern District of Wisconsin
>	125 S. Jefferson Street, Suite 102
>	Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin this 29th day of March, 2021.

>	s/ William C. Griesbach
>	William C. Griesbach
>	United States District Judge